Battle, J.
 

 The relief which the complainant
 
 seeks
 
 in this case is founded upon the allegations that the deed mentioned in the pleadings was obtained by the defendant, John A. Jenkins, from his father, by taking advantage of the pressure upon him for money, his fears of being compelled
 
 *34
 
 to sacrifice the property conveyed, a state of partial intoxication, an undue control which he had acquired over him, and by making false pretences to him. There is no averment in the bill, and certainly no proof, that there existed, between the defendant John and his father either of those-confidential relations in life in which a conveyance obtained from the defendant or inferior party, by the superior, will, upon principles of policy alone, be set aside, unless the utmost fairness is shown ; see
 
 Futrill
 
 v.
 
 Futrill,
 
 5 Jones’ Eq., 61, and the cases therein referred to. The allegations in the present case are, in effect, charges of undue influence, circumvention and fraud; and in order to entitle the complainant to relief, inasmuch as they are fully, positively and distinctly denied in the answer, they must be proved ; see
 
 Deaton
 
 v.
 
 Munroe,
 
 4 Jones’ Eq., 39, and the cases therein cited.
 

 The only enquiry, then, is one of fact, whether the complainant has sustained his allegations by the requisite proof.
 

 Upon a careful examination of the testimony, we are satisfied that he has not.
 

 The charge, that the deed was executed whilst the bargainor was in a state of partial intoxication, is entirely disproved by the statement of the subscribing witness. The same witness, who is the professional gentleman that drew the instrument at the request of the parties, proves further that the bargainor himself gave the instructions as to the terms of the instrument, seemed to understand them perfectly, and did not appear at the time to be acting under the influence of the bargainee. He states also, that although
 
 “
 
 five dollars ” was inserted in the deed as the consideration thereof, the bargainee, who was not present at the time, said soon afterwards,.when informed of it, that
 
 three hundred dollars
 
 W'as the true consideration ; to. which the bargainor assented, and that'thereupon he, the witness,.
 
 *35
 
 expressed the opinion to them that it would make no difference.
 

 There is full proof of the fact that the bargainor was a 'poor man, having a family to maintain by daily labor ; that he was in debt, and often pressed for payment; but it does not appear that his son, the defendant, availed himself of those circumstance for the purpose of acquiring influence over him. He did indeed come to the relief of his father by assuming the payment of his debts, at least, of the most pressing of them, — but it is not proved that this arrangement was made at his, and not at his father’s instance.
 

 The allegation that the bargainor was a man of weak mind, and easily influenced, is not sustained. The only witnesses examined, other than the attesting witness, were produced by the complainant, and no one can look over the testimony without being satisfied that the bargainor was a man of ordinary intellect, ordinary firmness, and was by no means so habitual a drunkard as he is represented in. the bill.
 

 The charge of undue influence exercised by the defendant, John, over the bargainor, is equally unsupported by proof. It is true that the father sometimes worked in the employment of tf>e son, (both being carpenters,) and one of the witnesses testifies to the use of harsh language by the son. whilst giving a command to the father in relation do his work. Another witness, however, who worked with the father whilst employed by the son, states that he never heard any such language used by the son in addressing the father , whilst still another witness expresses the opinion that the bargainor might have been influenced hy love, but could not have been by fear.
 

 The declarations made by the bargainor after the execution of the conveyance were not admissible to. vary its effect. Supposing however,- that they were, in the present case they tend to prove either too little or too-much.
 

 
 *36
 
 No reliance can be placed upon tlie evidence wbicb represents the bargainor as being too drunk to know what he was about'in executing the deed, when it appears from the testimony of the subscribing witness that at that time he was perfectly sober.
 

 Upon the whole, we are satisfied that the essential allegations of the bill are not sustained by the proofs.; and the .consequence is, that-the bill must be dismissed with costs.
 

 .Per Curiam.
 

 Bill dismissed.